UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE No. 1:19-cv-24990-JLK

WON VISION, INC.,

    Plaintiff,

v.

LITTLE HAVANA RESTAURANT, INC.,

    Defendant.

_____/

## JOINT MOTION FOR ENTRY OF CONSENT DECREE

    Plaintiff, WON VISION, INC., and the Defendant, LITTLE HAVANA RESTAURANT, INC., a Florida Corporation, (collectively the "Parties"), have reached a settlement. Attached hereto is a copy of the Parties Consent Decree annexed as **Composite Exhibit A**. The Parties hereby move for the Court's approval and entry of the attached Consent Decree. Upon approval by the Court of the attached Consent Decree, the Parties request that the Court retain jurisdiction to enforce the Decree.

    **WHEREFORE,** the Parties respectfully request that the Court grant this Motion and provide such additional relief as the Court deems just and proper.

Respectfully submitted,

Dated: December 30, 2019

By: /s/ Juliana Gonzalez, Esq.
Lawrence J. McGuinness, Esq.
E-mail:  ljm@ljmpalaw.com
       scheduling_ljmpa@comcast.net
Juliana Gonzalez, Esq.
E-mail:  juliana@ljmpalaw.com
       office@ljmpalaw.com

MG Legal Group
3126 Center Street
Coconut Grove, Florida  33133
Telephone:  305-448-9557
Facsimile:  305-448-9559

*Counsel for Plaintiff*

By: /s/ Michael A. Pancier, Esq.
Michael A. Pancier, Esq.
E-mail:  *mpancier@pancierlaw.com*
LAW OFFICES OF MICHAEL A. PANCIER P.A.
9000 Sheridan Street, Suite 93
Pembroke Pines, Florida 33024
Telephone:  954-862-2217
Facsimile:  954-862-2287

*Counsel for Defendant*

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 1:19-cv-24990-JLK

WON VISION, INC.,

    Plaintiff,

v.

LITTLE HAVANA RESTAURANT, INC.,

    Defendant.

----------------'/

**CONSENT DECREE**

This Consent Decree ("Consent Decree") is entered into by and between Plaintiff, WON VISION, INC., (hereinafter "Plaintiff") and Defendant, LITTLE HAVANA RESTAURANT, INC.,) (hereinafter "Defendant"), Both Plaintiff and Defendant are collectively herein referred to as the "Parties".

**I. Recitals**

**WHEREAS,** Plaintiff, WON VISION, INC. ("Won Vision" or "Plaintiff") filed a Complaint ("Complaint") on November 7, 2019, against Defendant, LITTLE HAVANA RESTAURANT, INC., ("Little Havana" or "Defendant"), alleging that Little Havana failed to design, construct, and maintain its website, www.littlehavanarestaurant.com (the "Website"), in a manner that is fully accessible to and independently usable by Plaintiff and other blind or visually impaired people. Plaintiff alleges this resulted in a denial of full and equal access to the Website, and the products and services offered on the Website, in violation of Title III of the Americans

1

With Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"), and deterred Plaintiff from visiting the Website and Little Havana's brick and mortar locations.

**WHEREAS,** Defendant denies the allegations in the Complaint, and by entering into this Consent Decree and Order does not admit liability to any of the allegations in Plaintiffs Complaint filed in this action as the Defendant contends that the claims asserted by Plaintiff are moot given that Defendant contends it has come into Compliance with the ADA by, inter alia, the inclusion of a sustainable Digital Accessibility Testing and Remediation Plan. The Parties enter into this Consent Decree and Order for the purpose of resolving this lawsuit without the need for protracted litigation, and without the admission of any liability.

**WHEREAS,** to avoid the costs, expense, and uncertainty of protracted litigation, the Parties to this Consent Decree agree to entry of this Order to resolve all claims regarding injunctive relief and damages raised in the Complaint filed with this Court. Accordingly, they agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiffs claims for injunctive relief or damages.

**WHEREAS,** this Order shall be a full, complete, and final disposition and settlement of Plaintiffs claims against Defendant for injunctive relief and damages that have arisen out of the subject Complaint. The Parties agree that there has been no admission or finding of liability or violation of the ADA and/or Florida civil rights laws, and this Consent Decree and Order should not be construed as such.

**NOW THEREFORE,** in consideration for resolving all matters in dispute, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties have agreed as follows:

## II. Agreement

1. **Recitals:** The Parties acknowledge that all the "WHEREAS" clauses preceding this paragraph are incorporated as a material part of this Agreement.

2. **Jurisdiction:** The Parties to this Consent Decree agree that the Court has jurisdiction of this matter pursuant to 28 USC § 1331 for alleged violations of the ADA, and pursuant to 28 U.S.C. §1331, and 28 C.F.R. §36.201.

3. **Other Actions:** Plaintiff represents that, other than this action, it has no suits, claims, charges, complaints or demands of any kind whatsoever currently pending against the Defendant, or against any of their current or former employees, officers, directors, shareholders, officials or agents, with any local, state or federal court of any governmental, administrative, civil rights or other agency or board. As a material inducement for Defendant to enter into this Agreement, Plaintiff represents and warrants that it is not aware of any pending tort, contract or other legal claim against Defendant, other than the specific claims brought in this action which are released under this Agreement.

## III. Remedies

4. Little Havana will, within twenty (20) months of the Effective Date, continue to use good faith efforts to cause the Website to substantially conform with the Web Content Accessibility Guidelines (WCAG) 2.0 Level AA to the extent readily achievable. Should the Department of Justice issue final regulations adopting a legal standard for website accessibility that is different from the WCAG 2.0 Level AA, Little Havana shall have the option of complying with that legal standard, which option it may exercise in its sole discretion. Notwithstanding the foregoing, Third Party Content on the Website will not be required to meet the WCAG 2.0

Level AA standard. The term "Third Party Content" refers to web content that is not developed or owned by Little Havana or any Releasee.

5. Little Havana will retain a qualified consultant to assist it with assessment and recommendations for any necessary remediation to ensure compliance with Paragraph 4 of this Consent Decree. Little Havana will convey any feedback Plaintiff provides Little Havana regarding the accessibility of the Website to its consultant for its consultant's consideration. Any such feedback will be provided by counsel for Plaintiff to counsel for Defendant within ninety (90) days after the Effective Date.

    a. In an effort to ensure that individuals with disabilities have equal opportunity and effective communication needed to fully participate in Defendant's website offerings, Defendant has adopted a sustainable, long-term digital accessibility strategy. Defendant has taken, or is in the process of taking, the following actions to make its website equally accessible to all individuals, regardless of their abilities.

        i. Defendant's Services Provider is an authorized Channel Partner of AudioEye, Inc., a third-party web accessibility specialist that employs Certified Professionals in Accessibility Core Competencies and experienced assistive technology testers (some of whom are individuals with disabilities). Via its Services Provider, Little Havana opted-in and subscribed to Accessibility Services from AudioEye, Inc. Defendant's AudioEye Subscription is active and has remained active since October 18, 2019, the Activation Date.

        ii. Defendant is striving and will continue to strive to improve and maximize conformance to the World Wide Web Consortium's (W3C) Web Content Accessibility Guidelines (WCAG) 2.0 Level AA Success Criteria; and

        iii. Through the adoption of the AudioEye Accessibility Services, Little Havana Restaurant has established and began to execute a formal strategic plan to ensure the equitable use of its digital assets and an optimal user experience for everyone.

    b. Below are the key tenets anq proactive steps of Little Havana Restaurant's sustainable accessibility and remediation plan:

i. In collaboration with AudioEye, Defendant has implemented Accessibility Testing & Remediation Technology ("Activation" or "Step One").

ii. Upon Activation, the AudioEye solution began to dynamically apply remediations to address certain common issues that are programmatically detected. Since the Activation Date, the Defendant's site began to improve accessibility by eliminating access barriers for end users.

iii. Upon Activation, the Defendant began providing its users with access to a dedicated Web Accessibility Help Desk, which, complete with a feedback loop, allows end users of the Defendant's site to report accessibility and usability issues to the dedicated Web Accessibility Subject Matter Experts at AudioEye. As issues are reported, AudioEye validates and prioritizes issues based on the end-user feedback. Submissions are responded to in a timely manner and two-way communication is established until issue resolution.

iv. Upon Activation, the Defendant began publishing an Accessibility Statement to inform end-users regarding the steps taken/being taken to ensure equal access and to promote the Defendant's ongoing commitment to address and prioritize digital inclusion.

v. Upon Activation, AudioEye began tracking usage analytics. On regular intervals outline in the agreement between the Parties, AudioEye began conducting ongoing and continuous monitoring based on the usage analytics tracked by AudioEye. This always-on monitoring ensures that the pages being accessed by Defendant's end-users – the pertinent pages relative to the end-user's experience - are being regularly prioritized and evaluated for accessibility conformance. For the duration of the Term of the agreement between the Parties, AudioEye will maintain the always-on monitoring service.

vi. Testing & Discovery ("Step Two"): after Activation, AudioEye Subject Matter Experts (SMEs) and Engineers began evaluating the results of automated testing conducted against the evaluations derived from the always-on monitoring service. Additionally, Assistive Technology (AT) Testers began manual testing across the Defendant's web environment.

vii. Remediation, Validation & Optimization ("Step Three"): based on the results of the testing conducted during the Testing & Discovery Step, AudioEye engineers will begin fixing issues of accessibility, SMEs observe vast numbers of testable success criteria requiring manual observation, and, as warranted, AT Testers validate issues by retesting once fixes are deployed. This round of fixes addresses the vast majority of the total potential errors, improving the accessibility of the Defendant's site in accordance with WCAG 2.0 AA.

      viii.    As an extension of Step 3 and as, perhaps, the most significant reflection of the Defendant's sincere commitment to digital inclusion, the Defendant has invested in and will make available at no cost to the user, assistive tools (via the AudioEye Toolbar) to aid users and provide personalization options for those seeking access to the site.

          (a) The AudioEye Toolbar allows organizations to provide their site visitors with fully customizable user experience that is tailored to their individual needs. More accessible. More usable. More people.

          (b) These tools have benefits for all site visitors, but, in particular, aging population and individuals who have vision, hearing, motor and intellectual (cognitive) disabilities, those who are color blind, dyslexic, are learning to read, learning a second language, or may prefer listening to instead of reading information.

## IV. MONETARY RELIEF

6. Defendant will provide as additional consideration in resolution of all claims that were or could have been made in this or any related action, a monetary sum, as set forth in a Confidential Addendum executed between the Parties separately from this Consent Decree. Plaintiff agrees that neither Won Vision nor its attorneys are entitled to any other monetary compensation as a result of the Complaint, this Consent Decree, or any other claim Plaintiff might have against Little Havana related to the Website.

## V. ENTIRE CONSENT DECREE AND ORDER

7. This Consent Decree and Order, together with the Confidential Addendum referenced in Paragraph 6, constitute the entire agreement between the Parties on the matters of injunctive relief and damages, attorney fees, litigation expenses and costs, and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of

the Parties, that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters described herein.

8. The language used in this Agreement will be deemed to be the language chosen by the Plaintiff and the Defendant to express their mutual intent, and no rule of strict construction shall be applied against any Party. Any reference to any federal, state or local statute, law or regulation shall be deemed also to refer to all rules and regulations promulgated thereunder, unless the context requires otherwise. The Plaintiff and the Defendant intends that each representation and covenant contained herein shall have independent significance.

## VI. RELEASE OF CLAIMS

9. For and in consideration of the promises, commitments and undertakings set forth in this Agreement, and for other good and valuable consideration, the receipt of which is hereby acknowledged, upon execution of this Agreement, Plaintiff and its past, current, and future officers, directors, attorneys, employees, agents, shareholders, members, and managers, parents, subsidiaries, successors, assigns, and transferees both individually and in their business capacities (the "Releasing Persons"), shall be deemed to have jointly and severally forever released and discharged Defendant, together with its past, present, and future officers, directors, employees, shareholders, members, managers, insurers, parents, subsidiaries, successors, assigns and affiliates (collectively, the "Released Parties"), from any and all claims, causes of action, suits, debts, damages, judgments, liabilities, and demands whatsoever, whether at law or in equity, that Releasing Persons now have or may have had against the Released Parties specifically arising out of or relating to the Website (the "Released Claims").

10. Plaintiff acknowledges that it may have Released Claims that are presently unknown and that the release contained in this Consent Decree is intended to and does fully, finally and forever discharge all such Released Claims, whether now asserted or unasserted, known or unknown, that it have against the Released Parties including but not limited the ADA, 42 U.S.C. sections 12101, *et. seq.* and other disability related laws. Plaintiff further agrees not to sue or file a charge, complaint, grievance, demand, or other proceeding against the Released Parties relating to the Released Claims in any forum or assist or otherwise participate willingly or voluntarily in any claim, arbitration, suit, action, investigation or other proceeding of any kind which relates to the Released Claims, unless required to do so by court order, subpoena or other directive by a court, administrative agency, arbitration panel or legislative body. To the extent any such action may be brought by a third party, Plaintiff expressly waives any claim to any form of monetary or other damages, or any other form of recovery or relief in connection with any matter occurring at any time before and including the date of this Agreement that involves the Released Claims.

11. Plaintiff acknowledges that it may hereafter discover facts different from, or in addition to, those which it now believes to be true with respect to the Released Claims. On its own behalf and on behalf of all of the Releasees, Plaintiff agrees that the foregoing release and waiver shall be and remain effective in all respects notwithstanding such different or additional facts or discovery thereof, and that this Consent Decree contemplates the extinguishment of all such Released Claims. By executing this Consent Decree, Plaintiff acknowledges the following: (a) Plaintiff is represented by counsel of its own choosing; (b) Plaintiff has read and fully understands the provisions of this Consent Decree; and (c) Plaintiff has been specifically

advised by its counsel of the consequences of the above waiver and this Consent Decree generally.

12. This Agreement can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if all parties hereto had signed the same signature page. A copy or facsimile of any parties' signature shall be deemed as legally binding as the original signatures

13. **Voluntary Consent Decree.** This Consent Decree is executed voluntarily and without any duress or undue influence on the part of or on behalf of the Parties to this Consent Decree, with the full intent of releasing all claims as described herein. Each party acknowledges that he/it: (i) has read this Consent Decree; (ii) has been represented in the preparation and negotiation of this Consent Decree by legal counsel of his/its own choice; (iii) has received legal advice by such legal counsel prior to execution of this Consent Decree, if desired; (iv) understands the terms and consequences of this Consent Decree and of the releases it contains; and (v) is fully aware of the legal and binding effect of this Consent Decree.

14. **Tax Deduction:** The Defendant is advised that under certain circumstances a tax credit and/or tax deduction may be available to businesses to help cover the cost of making access improvements. (See Sections 44 and 190 of the Internal Revenue Code.).

15. Plaintiff expressly covenants that, as against any Releasee, it has not and will not file, initiate, commence, institute, maintain, or prosecute any action at law, suit in equity or other

proceeding, or seek damages or other relief incurred or allegedly incurred by it, related to, arising out of, or in any way connected with the Complaint or any Released Claim.

## VII. ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST

16. This Consent Decree and Order shall be binding on Plaintiff, Defendant, and any successors in interest. The parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

17. Signatories on behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile or email signature shall have the same force and effect as an original signature.

## VIII. TERM OF THE CONSENT DECREE AND ORDER

18. **Dismissal With Prejudice:** The Parties hereby agree that this Agreement will be filed with the Court and will request the Court to ratify and approve the same pursuant to the Joint Motion To Approve Settlement Agreement/ Consent Decree. Such Motion will request the Court's entry of an order approving and ratifying this Agreement, dismissing the instant action with prejudice, providing for and contingent upon the retention of jurisdiction by the Court to enforce, as necessary, the terms of this Agreement.

19. **Effective Date:** This Consent Decree and Order shall become Effective on the date the Order is signed by the Court ("Effective Date").

20. **Expiration Date:** This Consent Decree and Order shall be in full force and effect and expire by its own terms at the end of twenty (20) months from the Effective Date without further action by the Parties ("Expiration Date").

## IX. SEVERABILITY

21. Any term or provision of this Agreement that is invalid or unenforceable in any situation in any jurisdiction shall not affect the validity or enforceability of the remaining terms and provisions hereof or the validity or enforceability of the offending term or provision in any other situation or in any other jurisdiction. If the final judgment of a court of competent jurisdiction declares that any term or provision hereof is invalid or unenforceable, the Plaintiff and the Defendant agree that the Court making the determination of invalidity or unenforceability shall have the power to reduce the scope, duration or area of the term or provision, to delete specific words or phrases, or to replace any invalid or unenforceable term or provision with a term or provision that is valid and enforceable and that comes closest to expressing the intention of the invalid or unenforceable term or provision, and this Agreement shall be enforceable as so modified after the expiration of the time within which the judgment may be appealed.

## X. RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

22. This Court shall have continuing jurisdiction to interpret and enforce this Consent Decree until the Expiration Date.

23. If either Party believes that the other Party has failed to comply with any provision of the Decree, the complaining Party shall notify the alleged non-complying Party in writing of such

non-compliance and afford the alleged non-complying Party thirty (30) days to remedy the non-compliance or satisfy the complaining Party that the alleged non-complying Party will comply within a certain period of time. If the alleged non-complying Party has not remedied the alleged non-compliance or satisfied the complaining Party that it has complied within that time, the Parties shall meet and confer regarding the non-compliance. If the Parties are unable to resolve the issue(s) within thirty (30) days thereafter, the complaining Party may apply to the Court for appropriate relief. The Court may order appropriate relief should it determine that either Party has not complied with this Decree.

24. **Delivery of Notices:** Delivery of any written notices required herein shall be delivered to the following addresses:

    a. Plaintiff, WON VISION, INC.: c/o Juliana Gonzalez, Esq. of MG Legal Group, 3126 Center Street, Coconut Grove, FL 33133. E-Mail designation for service of any notice under this Agreement: juliana@ljmpalaw.com ; and

    b. Defendant, LITTLE HAVANA RESTAURANT, INC., Att: Jorge Alvarez, 12727 Biscayne Blvd., Miami, FL 33181 with a copy to Michael A. Pancier, Esq., of Pancier Law, P.A. 9000 Sheridan Street, Suite 93, Pembroke Pines, Florida 33024, E-Mail designation for service of any notice under this Agreement: mpancier@pancierlaw.com

[SIGNATURES ON FOLLOWING PAGE]

AGREED:

| SIGNATURES OF PARTIES | |
|---|---|
| **PLAINTIFF:** | **DEFENDANT:** |
| WON VISION, INC. | LITTLE HAVANA RESTAURANT, INC. |
| The person signing certifies that he or she has the power and authority to execute and deliver this Agreement and to bind it to the terms thereof.<br><br>By: *Traci Share* (signature)<br>Authorized Agent for WON VISION, INC.<br><br>By: *Traci Share*<br>Print Name<br><br>Date: 12/30/19 | The person signing certifies that he or she has the power and authority to execute and deliver this Agreement and to bind it to the terms thereof.<br><br>By: Jorge Alvarez (Dec 27, 2019)<br>Authorized Agent for LITTLE HAVANA RESTAURANT, INC.<br><br>By: Jorge Alvarez<br>Print Name<br><br>Date: 12/27/2019 |

13